## Ferguson's Trust

200

Before Sinkler, acting P. J., Klein, Bolger, Ladner and Hunter, JJ.

204

212

*Frank W. Melvin* and *Francis T. Anderson*, for exceptant.

*Claude C. Smith* and *A. David M. Speers*, of *Duane, Morris & Heckscher*, contra.

KLEIN, J., October 26, 1945.—The deed of trust before us for construction is a singular document. It seems clear that the *continuance* of the custom established by settlor's wife of distributing gifts to members of the family and upon the death of the last survivor the creation of a perpetual memorial fund for the "purchase of suitable gifts . . . to gladden the hearts of little orphans or friendless children" were settlor's sole purposes in establishing this trust. He certainly did not intend this trust to be a source of income for the support and maintenance of the beneficiaries. Unlike most trusts, therefore, no intendment can be found in this document favoring the income beneficiaries. In our opinion, the settlor was not so much concerned with the amount to be expended for the individual gifts to his family as he was in a whimsical desire to perpetuate this sentimental family tradition.

A careful reading of this unusual trust instrument in its entirety convinces us that the learned auditing judge has decided this case correctly, and that the stock dividends and the proceeds from the sales of the rights to subscribe to additional stock were both properly allocated to the principal of the trust. We concur with what has been so well said in the scholarly and comprehensive adjudication.

The exceptions are therefore dismissed and the adjudication confirmed absolutely.